UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO CASTELLANO, | ) | SA CV 09-871 SVW (E) |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS, |
| | ) | CONCLUSIONS AND |
| v. | ) | RECOMMENDATIONS OF UNITED |
| | ) | STATES MAGISTRATE JUDGE |
| LARRY SMALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge and all objections thereto. The Court has made a de novo determination with respect to those portions of the Report and Recommendation to which objection has been made. The Court concurs with and adopts the Report and Recommendation, but writes separately to emphasize that it is deferring to the state trial court's determination that witness Sanchez was unavailable for purposes of the Confrontation Clause. In his Objections to the Report and Recommendation, Petitioner contends that the prosecution did not make good faith efforts to secure Sanchez's testimony. (Objections at 2-3.)

In applying the standards of the 28 U.S.C. § 2554, this Court looks to the last reasoned state court decision. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008) (citing Ylst v. Nunnemaker, 501 U.S. 797, 804-06 (1991). If there is no reasoned appellate opinion, the Court may look to the state trial court through the lens of AEDPA's deferential standard. See Hirschfield v. Payne, 420 F.3d 922, 928 (9th Cir. 2005) (applying AEDPA deference to oral ruling of state trial court); Medley v. Runnels, 506 F.3d 857, 863 (9th Cir. 2007) (en banc) (finding trial court's ruling constituted the last reasoned decision under Ylst). The state court need not cite controlling Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam).

The Supreme Court has explained that the unavailability requirement of the Confrontation Clause is not met unless the government has made a good-faith effort to obtain the absent witness's presence at trial. Ohio v. Roberts, 448 U.S. 56, 74 (1980), abrogated on other grounds by Crawford v. Washington, 541 U.S. 36 (2004). Here, the Court of Appeal on direct review did not analyze unavailability, but merely said "Irene Sanchez-Castellano (Sanchez) could not be located for defendant's May 2007 trial . . . ." People v. Castellano, No. G039012, 2008 WL 3976191 at *1 (Cal. Ct. App. 2008). Only the trial court examined unavailability when it admitted Sanchez's prior statements under Cal. Evidence Code § 1291. (R&R at 4.)

In its motion to admit Sanchez's testimony, the prosecution cited People v. Cummings, 4 Cal. 4th 1233, 1296, for the proposition that "[w]hen seeking to introduce former testimony in a criminal case, the

2

1  prosecution must show that they acted with reasonable diligence in
2  making the witness available." (Clerk's Transcripts, Lodgment 1, at
3  202.) Furthermore, at oral argument on the motion, the trial court
4  specifically addressed the Confrontation Clause and <u>Crawford v.
5  Washington</u>. (Reporter's Transcript, Lodgment 9, at 62.) Thus, the
6  state trial court was presented with the proper constitutional standard
7  when it ruled that Sanchez was unavailable. The court then ruled that
8  the prosecution had "demonstrated to my satisfaction the preliminary
9  fact[] that Irene Sanchez is unavailable as a witness." (<u>Id.</u> at 73.)
10 The district attorney's office had made telephone calls, searched
11 government assistance sites and Department of Motor Vehicle records,
12 and sent an investigator to Sanchez's last known address. (CT at 202-
13 03.) Although the trial court recognized that the prosecution had not
14 "exercised all conceivable diligence," it concluded that it was "hard
15 to say" that the effort employed was not "reasonable diligence in an
16 effort to locate this witness. (RT at 62.) The trial court's decision
17 is entitled to deference under AEDPA, and the decision was not an
18 unreasonable application of clearly established federal law. <u>See</u> 28
19 U.S.C. § 2254(d)(1).
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

Accordingly, it is ORDERED that Judgment shall be entered dismissing the action with prejudice, and the Clerk shall serve copies of this Order and the Judgment herein on the parties.

IT IS SO ORDERED.

DATED: March 3, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE